**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSEPH ADELSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1997-J** |
| | ) | |
| **MARKWAYNE MULLIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Joseph Adelson, a noncitizen[1] and Haitian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondent to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. Background

Petitioner, a citizen of Haiti, arrived at the Brownsville, Texas Port of Entry and applied for admission on or about February 10, 2024. Resp. at 2; Doc. 7-1 at 1 (Notice to

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Appear). On the same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Resp. at 2; Doc. 7-1 at 1, 4. Petitioner was then granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) with an authorized period of admission through April 18, 2025, which was later extended to February 19, 2026. Resp. at 2-3; Doc. 7-2 at 2 (Petitioner's Encounter Summary); Doc. 7-4 (Petitioner's I-94 Admission Record). At some point after his parole, Petitioner timely filed an Application for Asylum, which remains pending. Resp. at 3; Doc. 7-3 (Petitioner's Asylum Application).

On May 29, 2026, ICE took custody of Petitioner from the Oklahoma Highway Patrol after he was stopped for a traffic violation. Resp. at 3-4; Doc. 7-3 at 2; Doc. 7-5 (Warrant for Arrest). Respondent contends Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2). Resp. at 4.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 16, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his arrest and detention without a warrant after a routine traffic stop were unlawful and violated his procedural and substantive due process rights. Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**. Petitioner alleges his arrest and detention after he had previously been released during the pendency of his asylum proceedings are unlawful and violate the INA and Administrative Procedures Act ("APA"). *Id.*

- **Count III: Violation of Due Process**. Petitioner alleges his arrest and detention without prior notice and a meaningful opportunity to respond after he was previously released and adhered to all conditions of supervision are unlawful and violate his procedural and substantive due process rights. *Id.*

- **Count IV: Violation of Due Process**. Petitioner alleges his detention without a bond hearing in accordance with 8 U.S.C. § 1226, where ICE bears the burden of proving he is a flight risk and danger to the community by clear and convincing evidence, is unlawful and violates the Fifth Amendment Due Process Clause. Pet. at 7.

He asks the Court to "order [his] immediate release," or alternatively, to "order Respondent to conduct a prompt custody re-determination before a neutral decision maker where ICE has the burden of proof of proving flight risk and danger to the community." *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States

who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled by statute to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Liberally construed, Petitioner alleges his re-detention after release for the pendency of his asylum proceedings violates § 1226 of the INA. Pet. at 6-7. Respondent maintains Petitioner is an arriving alien and thus properly detained under § 1225(b) because he was classified as an arriving alien in February 2024 and he returned to that status when his parole expired in February 2026. Resp. at 4-7.

Petitioner was re-detained on May 29, 2026, more than two years after he initially entered the country and more than three months since his parole expired. Resp. at 3-4. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Judges in this District, including this Court, have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian

parole is detained pursuant to § 1226(a)); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same).

Therefore, consistent with this Court's prior decisions, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding "Petitioner's detention does not arise from any ongoing entry or inspection process, but from ICE's decision to place him in removal proceedings" and "in that posture, detention is properly understood as detention pending a decision on whether the alien is to be removed, which falls within Section 1226(a), notwithstanding Petitioner's initial classification at the time of entry." (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release," or alternatively, "a prompt custody re-determination before a neutral decision maker where ICE has the burden of proof of proving flight risk and danger to the community." Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Zhakhonov*, 2026 WL 1865418, at *3 (concluding the "proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)"). Further, this Court has consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2

(W.D. Okla. Apr. 16, 2026) (concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondent to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[2]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his arrest and re-detention violate due process and the APA.[3] Pet. at 6-7. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims because at most he would be entitled to the same recommended relief of a bond hearing. *See, e.g.*, *Coreas v. Noem*, No. CIV-26-151-J, 2026

[2] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently established the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g., Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

[3] To the extent Petitioner challenges his arrest without a warrant, *see* Pet. at 6, Respondent provided his arrest warrant dated May 29, 2026—the same day of his detention. Doc. 7-5 (Warrant for Arrest).

WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 23, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE