**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH ADELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1997-J |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Joseph Adelson, a citizen of Haiti, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 8] recommending that the Court grant the Petition in part and order Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Respondent filed a timely Objection [Doc. No. 9], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Haiti who arrived at the Brownsville, Texas Port of Entry and applied for admission on or about February 10, 2024. On the same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(i)(I) as an immigrant not in possession of valid entry documents. Petitioner was then granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), with an authorized period of admission through April 18, 2025, which was later extended to February 19, 2026. At some point

after his parole, Petitioner timely filed an application for asylum, which remains pending. On May 29, 2026, ICE took custody of Petitioner from the Oklahoma Highway Patrol after he was stopped for a traffic violation.

In his objection, Respondent contends that Petitioner remains an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(1). Specifically, Respondent asserts that a noncitizen entering at a port of entry is an arriving alien under § 1225(b)(1) and humanitarian parole does not disturb that status. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See, e.g., Ismanov v. Grant*, No. CIV-26-453-HE (W.D. Okla. Apr. 24, 2026); *Sevenet v. Valdez*, No. 26-CV-00163-CYC, 2026 WL 1830865, at *3 (D. Colo. June 25, 2026) (collecting cases and rejecting the entry fiction doctrine); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 & n.1 (W.D. Okla. July 31, 2026); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *1–2 (W.D. Okla. Aug. 14, 2026).

Under the facts presented here, the Court finds Petitioner's detention is most naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of 8 U.S.C. § 1226(a). *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified).

Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a). *See Zhakhonov*, 2026 WL 1865418, at *3.

Accordingly, the Report and Recommendation [Doc. No. 8] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondent violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondent to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period. Respondent shall certify compliance within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 25th day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE